UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

PAUL SCHULTZ, JEMPATH INC., CARINA'S FINE
JEWELRY LLC and BRICKSTONE BUYING
SERVICES INC.,                                          Docket No.:

                                    Plaintiffs,

            - against -                                 **COMPLAINT**

THE COUNTY OF SUFFOLK,                                  **Jury Trial Demanded**

                                    Defendant.
-------------------------------------------------------------------X

Plaintiffs, by and through their attorneys, CAMPANELLI & ASSOCIATES, P.C.,

respectfully allege as follows:

## I.      Nature of This Action

1.      Plaintiffs bring this case seeking a declaratory judgment, compensatory damages,

costs, and attorneys fees, pursuant to 42 U.S.C. §§1983 and §1988, for deprivation of plaintiffs'

rights which are secured by the Fourth, Fifth and Fourteenth Amendments to the United States

Constitution, and the New York State Constitution.

2.      At all relevant times described herein, the plaintiffs were engaged in business as

"Precious Metals Dealers," engaged in the business of purchasing and selling jewelry, precious

metals, diamonds and other gems.

3.      Precious Metals Dealers, such as the plaintiffs, are both licensed and heavily

regulated by the defendant County of Suffolk, pursuant to Chapter 563 of the Suffolk County

Code.

1

4.      Included within the regulations which the defendant County has imposed upon Precious Metals Dealers, including the Plaintiffs, is a statutory requirement that for each and every piece of jewelry, gold or gem they purchase, the plaintiffs are required to contemporaneously electronically transmit detailed data about each such purchase into a computer database owned and maintained by the defendant County.

5.      As a result of such requirement imposed by the defendant County, the the Suffolk County Police Department and its employees have records of every single item purchased by the plaintiffs, when it was purchased, and from whom.

6.      Having a complete inventory of all jewelry, gold, and gems contained within the plaintiffs' stores, Detectives of the Suffolk County Police Department (SCPD) would make unannounced visits to the plaintiffs' places of business, on a regular basis, and would routinely seize valuable items and personal property owned by the plaintiffs which included items of jewelry, gold, gems and books and records belonging to the plaintiffs.

7.      Each of the items seized was lawfully owned by the plaintiffs at the time they were seized by employees of the SCPD.

8.      At the time of each seizure, the respective employee of the SCPD who seized the respective property belonging to the plaintiffs would provide the plaintiffs with a "receipt," but did not provide the plaintiffs with any form of notice or instruction as to how the plaintiffs as the owners of such property might seek to reclaim possession of same.

9.      In routinely seizing personal property from Precious Metals Dealers, including the plaintiffs, the SCPD and the County of Suffolk have no pre-deprivation or post-deprivation procedures through which licensed Precious Metals Dealers can challenge the seizure of their property, seek its release, nor obtain any information regarding what happened to their property, which is thereafter never returned to them.

10.     As of the date of the most recent seizure which occurred during September 2018, employees of the Suffolk County Police Department have seized more than one hundred fifty thousand ($150,000.00) dollars worth of jewelry, gold, and gems from the plaintiffs, and one hundred thousand ($100,000.00) dollars worth of such personal property seized from the plaintiffs has never been returned to the plaintiffs.

11.     Moreover, both the SCPD and the County of Suffolk have refused to disclose to the plaintiffs whatever became of the property which has been seized from them.

12.     The plaintiffs have made both requests and demands that the defendants either: (a) return their property to them, or at least (b) disclose what became of their property.

13.     In response, representatives of the defendant County have failed and refused to return any of the property which has been seized from the plaintiffs, and have adamantly refused to provide any information to the plaintiffs as to whatever became of their property.

14.     Despite the fact that, as bona fide purchasers for value, the plaintiffs are the owners of the more than $100,000.00 worth of personal property which the SCPD has seized and never returned to them:

(a)    Neither the SCPD, the Suffolk County District Attorney's Office, or any other agency of the County of Suffolk *"recognizes"* the plaintiffs as "owners" of such property, despite the fact that there have been no judicial determinations as to the ownership rights of the plaintiffs or any third persons who might potentially assert a superior claim of ownership, and

(b)    both the SCPD and the Suffolk County District Attorney's Office have explicitly advised the plaintiffs that they are not "crime victims" and as such, they have no right to any information about what became of their property which the SCPD has seized from them, and

(c)    Neither the SCPD, the Suffolk County District Attorney's Office, or any other agency of the County of Suffolk have adopted, implemented or maintain any policy, practice or procedure through which Precious Metals Dealers, inclusive of the plaintiffs: (i) can seek or demand the return of their property, or (ii) would be afforded notice, or an opportunity to be heard before any of their seized property was thereafter sold or otherwise disposed of by the defendants.

15.    As a result of the foregoing, the plaintiffs have been deprived of more than one hundred thousand dollars ($100,000.00) worth of their personal property, as well as their personal business records, without Due Process of law in violation of their U.S. Constitutional rights under the Fourth, Fifth and Fourteenth Amendments, and Article I, Section 6 of the New York State Constitution.

## II.  Jurisdiction and Venue

16.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and

§1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to

42 U.S.C. §1983.

17.     Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of

action arises under the Constitution and laws of the United States.

18.     The supplemental jurisdiction of the District Court is invoked pursuant to 28

U.S.C. §1367 for inter-related state claims which arise from the occurrences giving rise to the

federal claims and which have a common nucleus of operative fact.

19.     Venue lies in the Court pursuant to 28 U.S.C. §1391(b)(ii) in that Suffolk County

is the underlying County for purposes of venue and where the vast majority of the events

occurred.

## III.  The Parties

20.     Plaintiff Paul Schultz is an individual residing in Amityville, within the County of

Suffolk, State of New York.

21.     At all relevant times described herein, plaintiff JEMPATH INC., (hereinafter

"Jempath"), was a corporation duly organized under the laws of the State of New

York, with a principal place of business situated at 969 Montauk Highway, in Shirley, County of

Suffolk, New York.

22.     At all relevant times described herein, plaintiff CARINA'S FINE

JEWELRY LLC ., (hereinafter "Carina's), was a Limited Liability Company duly organized

under the laws of The State of New York, with a principal place of business situated at 5596

Merrick Road Massapequa, County of Nassau, New York.

23.     At all relevant times described herein, plaintiff BRICKSTONE BUYING

SERVICES INC., (hereinafter "Brickstone), was a corporation duly organized under the laws of

The State of New York, with a principal place of business situated at 1741 Deer Park Avenue, in

Deer Park, County of Suffolk, New York.

24.     Upon information and belief, the defendant THE COUNTY OF SUFFOLK is a

municipal corporation organized and operating under New York State law, with a principal place

of business situated at 100 Veterans Memorial Highway, Hauppauge, NY 11788.

25.     Upon information and belief, THE SUFFOLK COUNTY POLICE

DEPARTMENT is an agency of the County of Suffolk.


### IV.   **Preliminary Background**


26.     On or about May 12, 2009, the County of Suffolk amended Chapter 563 of the

Suffolk County Code to incorporate regulations to govern persons engaged in the business of the

"sale, purchase or exchange of precious metals and/or gems or other objects of precious metals

or gems" *See* Suffolk County Code Chapter 563-36.

27.     In enacting such provisions, the County implemented a requirement that any

persons engaged in business as a Precious Metals Dealer obtain and maintain a license from the

County.

6

28.     Furthermore, the County imposed additional statutory requirements upon Precious Metals Dealers, which included the following:

    (a)     A requirement, pursuant to Suffolk County Code §563-41(A), that every licensed dealer not merely record every transaction of any item they purchase in conducting their business, but also: (i) a description of each item and its weight, (ii) the amount they paid for the item, (iii) the date of the purchase, (iv) the name, home address, date of birth, sex, color and description of clothing of the person who sold them the item, and their signature,

    (b)     A requirement, pursuant to Suffolk County Code §563-43, that every licensed dealer provides a report, each and every day, to the Suffolk County Police Commissioner and/or the Suffolk County Chief of Police, containing all of the information set forth within subparagraph (a) immediately hereinabove.

29.     Being possessed of the information which dealers are statutorily required to disclose each and every day to the Suffolk County Police Department, representatives of such Police Department know the precise inventory possessed by dealers at all times.

30.     Being possessed of such information, Detectives and/or other employees of the Suffolk County Police Department routinely make "unannounced visits" into dealers' places of business, and simply seize various items of jewelry, gold and precious stones from the dealers, and give them a simple receipt for same.

31.     In doing so, neither the Suffolk County Police Department nor any other agency, representative, employee or agent of the County of Suffolk provides the dealer, who is the owner of such property, with any notice of if, how, or when they may reclaim their property which has been seized.

32.     Neither the Suffolk County Police Department, The Suffolk County District Attorney's Office, the County of Suffolk, or any agency thereof, have any policy, practice or procedure, whatsoever, through which the dealers/owners of such property may seek or demand its release, or seek to learn what happened to their property which has been seized by the Suffolk County Police Department.

33.     To the extent that property is seized under the belief that it constituted stolen property, or was needed as evidence of a crime, neither the Suffolk County Police Department, the DA's Office, the County of Suffolk, or any agency thereof has any policy practice or procedure of notifying dealers/owners if personal property seized from them was determined to have been stolen property or the evidence of a crime, or if, or when, any related criminal case pertaining to such property has been concluded.

34.     Simply stated: (a) representatives of the Suffolk County Police Department simply seize personal property from licensed dealers without notice, (b) most of the property which has been seized is never returned to the licensed dealers from whom the property has been seized, and (c) the County of Suffolk has absolutely no policy, practice or procedure through which the licensed dealers can:

(i)     seek or demand the return of their property,

(ii)    learn of how and when their seized property has been disposed of,

(iii)   learn if, when and to what extent any property seized from them constituted stolen property, or

(iv)    challenge any determination that such property had, in fact, been stolen.

## V.     Facts of This Case

35.     As described herein, the plaintiffs were Precious Metals Dealers licensed by the defendant County of Suffolk.

36.     For a continuous period of years continuing through September of 2018, Detectives and/or other employees of the Suffolk County Police Department would enter the plaintiffs' places of business in unannounced visits, and would seize valuable items of jewelry, gold and precious stones from the plaintiffs, and plaintiffs' business records, and give the plaintiffs a simple receipt for same.

37.     At the time of each respective seizure, the plaintiffs were the lawful owners of such property, as *bona fide* purchasers for value, who purchased each such item of personal property, and who possessed lawful claims as owners of same under New York State law.

38.    At no time prior to, during, or after <u>any</u> of such seizures, did the detective or any other employee of the Suffolk County Police Department provide the plaintiffs with any notice of any procedure through which the plaintiffs could:

(a)    seek the return of their property,

(b)    obtain information about the ultimate disposition of their property,

(c)    learn of any determination, judicial or otherwise, of whether or not such property was either "stolen property" or the evidence of a crime,

(d)    learn of the commencement, existence or termination, of any criminal matter which included any claim that such property was either stolen or the evidence of a crime, or

(e)    afford the plaintiffs an opportunity to challenge any judicial or other determination that such property was, in fact, stolen property.

39.    Most of such property seized from the plaintiffs by the Suffolk County Police Department has never been returned to the plaintiffs.

40.    The cumulative value of the personal property which the Suffolk County Police Department has seized from the plaintiffs in this manner exceeds one hundred fifty thousand ($150,000.00) dollars.

41.    As of the date of this complaint, at least one hundred thousand dollars ($100,000.00) worth of such personal property has never been returned to plaintiffs.

42.     Annexed hereto as Exhibit "A" is an itemized list of the property which has been seized from the plaintiffs by the Suffolk County Police Department, which includes:

(a)     the date of each respective seizure (current through September 2018),

(b)     the amount which the plaintiffs paid to purchase such property,

(c)     the number on the receipt which was provided to the plaintiff at the time of each respective seizure,

(d)     the representative of the Suffolk County Police Department who seized the respective item of personal property from the plaintiffs and

(e)     a description of the respective item or items of personal property seized.

43.     Annexed hereto as Exhibit "B" is a copy of one of the receipts that was provided to the plaintiffs at the time of each respective seizure.

44.     None of the receipts provided to the plaintiffs by the Suffolk County Police Department provided any notice as to how the plaintiffs could reclaim their property, and no other notice, of any type, was provided to the plaintiffs by the Suffolk County Police Department before, during, or after each respective seizure.

45.     While the receipts, such as Exhibit "B" provide a space for the signature of a "finder" of property, to indicate that they wish to assert a claim to recover the property, at the time of the seizures of plaintiffs' property, the plaintiffs were not permitted to sign that section of the receipt, because the Suffolk County Detectives would not recognize them as "finders."

46.     Under the circumstances, the plaintiffs have been deprived of their personal property without Due Process of law in violation of plaintiffs' rights to Due Process under the United States Constitution, the Fourteenth Amendment, and the New York State Constitution.

## VI.     Plaintiffs' Attempts to Recover Their Property

47.     As described hereinabove, the defendant County of Suffolk has no practice, policy or procedure through which the owners of personal property that has been seized by the Suffolk County Police Department can demand its return, or challenge any third party's claims of ownership to such property, or to even object to the disposal or sale of their property without affording them notice of any such disposal or any opportunity to object to same.

48.     As has been, and is, publicly disclosed by the Suffolk County Police Department, the only recourse available to persons seeking the return of property which has been seized from them by the Police Department, is to wait until they receive a letter from the Police Department notifying them that their property is "releasable." *See* Exhibit "C."

49.     The Suffolk County Police Department has also publicly disclosed that it only recognizes three (3) circumstances under which persons, who have not received release letters from the Police Department *can seek the release of their seized property*.

50.     They are explicitly limited to: (a) "Crime Victims", (b) Arrestees seeking the return of property which was seized as evidence, and (c) Arrestees seeking the return of their personal property (prisoner property).

51.     Annexed hereto as Exhibit "C" is a true copy of the Suffolk County Police Department's internet website page which explains its procedure for obtaining the release of seized property. It explicitly identifies the only three (3) types of claimants who are permitted to seek the release of their seized property from the Police Department without having received a release letter from the Department.

52.     With the Suffolk County Police Department having randomly seized more than $150,000.00 worth of their valuable personal property, the plaintiffs have made efforts to demand and secure the release of same.

53.     Plaintiffs have made multiple demands to both the Suffolk County Police Department and the Suffolk County District Attorney's Office for:

(a)     the return of their property to them,

(b)     information as to if, and when, the property has ever been determined to have been stolen or the evidence of a crime,

(c)     information as to if, and when, any criminal action pertaining to or concerning the property was commenced, is pending, or has been completed, and

(d)     information pertaining to how their property has been disposed of, and if it has not been disposed of, where it is currently being held.

54.     In response to such demands, both representatives of the Suffolk County Police

Department, and the District Attorney's Office have advised the plaintiffs that:

(a)     they are not entitled to demand the release of the property which has been

seized from them, and

(b)     they are not entitled to any of the requested information, because neither

the Suffolk County Police Department nor the District Attorney's Office

recognizes them to be "crime victims."

55.     In response to requests for the release or their property, or for information about

any criminal proceeding related to their property, Plaintiffs were explicitly told by multiple

representatives of the Suffolk County District Attorney's Office, including Assistant District

Attorney (ADA) Hartman and ADA Tamela Gaither that since the Suffolk County District

Attorney's Office does not recognize the plaintiffs to be "crime victims," they have no right to

demand the release of their property, and no right to receive any information regarding any

criminal cases pertaining to the property which was seized from them.

56.     In response to similar requests plaintiffs made to the Suffolk County Police

Department, the plaintiffs were explicitly told by employees of the Suffolk County Police

Department, that since the Police Department does not recognize them as crime victims, they

have no right to demand the release of their property, and no right to receive any information

regarding any criminal cases pertaining to the property that was seized from them.

57.     Representatives of the Suffolk County Police Department (SCPD) who told them

that they had no such rights included: Officer Berger from the 1st precinct of the SCPD,

Detective Britton from the 3rd Squad of the SCPD, and Detective Brad Lanser of the SCPD.

58.     Plaintiffs also requested information as to whether the SCPD had any procedure through which the plaintiffs could seek the release their property, and the representatives of the SCPD advised the plaintiffs that they did not know of any such procedure. Such representatives included Detective Dean from the 1st Squad of the SCPD, Detective Cortes from the 1st Squad of the SCPD and Detective Capute from the Property Recovery Department of the SCPD.

59.     On or about November 14, 2018, plaintiffs made a final demand for:

(a)     the release of their property,

(b)     copies of the SCPD property logs which would reflect how the seized property that had been seized from them had been disposed of, and for

(c)     copies of any written rules, policies or procedures of the SCPD which would enable the owners of seized property to demand its release.

60.     A true copy of such demand is annexed hereto as Exhibit "D."

61.     Those demands were ignored entirely by the SCPD, the SCPD Property Clerk, and the defendant County of Suffolk.

62.     Upon information and belief, in having deprived the plaintiffs of their personal property indefinitely and/or permanently, it is believed that the defendant's agents have: (a) given possession of some of the plaintiffs' property to third parties, (b) sold some of the plaintiffs' property at public auctions and (c) simply retained some of the plaintiffs' property, without having afforded the plaintiffs any procedure through which the plaintiffs could seek its release.

## CAUSES OF ACTION

### COUNT I

**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Deprivation of Property Without Due Process of Law)**

63.    The plaintiffs repeat and reiterate the allegations set forth within paragraphs "1"

through "62" hereinabove, with the same force and effect as if fully set forth at length herein.

64.    By its agents and employees, each of whom was acting under color of state law,

the defendant, County of Suffolk (hereinafter referred to as "Suffolk") deprived the plaintiffs of

valuable personal property indefinitely and/or permanently by:

> (a)    seizing plaintiffs' property without notice, and depriving the plaintiffs of
>
> same permanently or indefinitely;
>
> (b)    releasing and/or transferring possession of some of plaintiffs' property to
>
> third parties, without affording plaintiffs notice or any opportunity to
>
> object to such release, or challenging any third-party's claims to plaintiffs'
>
> property;
>
> (c)    selling plaintiffs' property at public auction; and
>
> (d)    retaining plaintiffs' property indefinitely and/or permanently.
>
> (e)    affording the plaintiffs no pre-deprivation or post-deprivation process,
>
> procedure or notice, through which they could challenge the seizure,
>
> temporary deprivation, and/or permanent deprivation of the personal
>
> property which has been seized from them.

16

65.     Suffolk County's conduct in causing such deprivations violated plaintiffs' rights to

Due Process under the Fourteenth Amendment of the United States Constitution because:

(a)     Suffolk has no procedure whereby the plaintiffs' (or any person with an

interest in seized property) could have been afforded the opportunity for a

hearing before an impartial decision-maker, with adequate notice, whereat

the interested party could protect their interest by challenging the deprivation

of property or by recovering the seized property, and

(b)     Suffolk has no procedure for notifying the plaintiffs of methods which could

be utilized to recover the seized property, and

(c)     Suffolk's refusal and/or intentionally failed to release the plaintiffs' property

to the plaintiffs and refusal and/or failure to disclose any information

concerning the property to the plaintiffs.

66.     Suffolk knew or should have known that it was unlawful and unconstitutional to

seize and thereafter deny possession, release to a third party, sell and/or indefinitely retain

plaintiffs' personal property where notice and a hearing upon the validity of such deprivations had

not been afforded to the plaintiffs, as parties with ownership interests in the seized property.

67.     As a direct and proximate result of Suffolk's violation of plaintiffs' rights to Due

Process under the Fourteenth Amendment to the United States Constitution, the plaintiffs have

suffered general and special damages based upon the loss of their personal property, and the ability

to sell their property in the conduct of their business, and are therefore entitled to relief under

42 U.S.C. §1983.

68.     Suffolk does not maintain any procedural mechanism for providing hearings after the seizure of personal property from Precious Metals Dealers licensed by the County after its agents regularly seize property from same.

69.     The failure by official Suffolk policymakers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention and disposal of personal property, as made clear by numerous controlling court decisions including: McClendon v. Rosetti, 460 F.2d 111, (2nd Cir 1972), Butler v. Castro, 896 F2d 698 (2nd Cir 1990), Alexandre v. Cortes, 140 F2d 406 (2nd Cir 1998), Tammaro v. City of New York, 2018 U.S. Dist. LEXIS 54729, Krimstock v Kelly, 464 F.3d 246 (2nd. Cir. 2006), amounts to deliberate indifference to the rights of persons and parties who own or have interests in personal property which is seized, detained, sold and/or disposed of by Suffolk.

70.     But for Suffolk's depriving policy, decisions, practices, and failures described hereinabove, the plaintiffs would not have been deprived of their property and would have recovered same without delay or with minimal delay, by measures that preserve legitimate interests.

## COUNT II

### Violation of New York Constitution Article I, Sec. 6
### (Deprivation of Property Without Due Process of Law)

71.     The plaintiffs repeat and reiterate the allegations set forth within paragraphs "1"

through "70" hereinabove, with the same force and effect as if fully set forth at length herein.

72.     By its agents and employees, each of whom was acting under color of state law,

the defendant, County of Suffolk (hereinafter referred to as "Suffolk") deprived the plaintiffs of

valuable personal property indefinitely and/or permanently by:

      (a)     seizing plaintiffs' property without notice, and depriving the plaintiffs of

same permanently or indefinitely;

      (b)     releasing and/or transferring possession of some of the plaintiffs' property

to third parties, without affording plaintiffs notice or any opportunity to

object to such release, or challenging any third-party's claims to plaintiffs'

property;

      (c)     selling plaintiffs' property at public auction; and

      (d)     retaining plaintiffs' property indefinitely and/or permanently;

      (e)     affording the plaintiffs no pre-deprivation or post-deprivation process,

procedure or notice, through which they could challenge the seizure,

temporary deprivation, and/or permanent deprivation of the personal

property which has been seized from them.

73.    Suffolk County's conduct in causing such deprivations violated plaintiffs' rights to Due Process under Article I, Section 6 of the New York State Constitution because:

(a)    Suffolk has no procedure whereby the plaintiffs' (or any person with an interest in seized property) could have been afforded the opportunity for a hearing before an impartial decision-maker, with adequate notice, whereat the interested party could protect their interest by challenging the deprivation of property or by recovering the seized property, and

(b)    Suffolk has no procedure for notifying the plaintiffs of methods which could be utilized to recover the seized property, and

(c)    Suffolk's refusal and/or intentionally failing to release the plaintiffs' property to the plaintiffs and refusal and/or failure to disclose any information concerning the property to the plaintiffs.

74.    Suffolk knew or should have known that it was unlawful and unconstitutional to seize and thereafter deny possession, release to a third party, sell and/or indefinitely retain plaintiffs' personal property where notice and a hearing upon the validity of such deprivations had not been afforded to the plaintiffs, as parties with ownership interests in the seized property.

75.    As a direct and proximate result of Suffolk's violation of plaintiffs' rights to Due Process under Article I, Section 6 of the New York State Constitution, the plaintiffs have suffered general and special damages based upon the loss of their personal property, and the ability to sell their property in the conduct of their business, and are therefore entitled to relief.

76.     Suffolk does not maintain any procedural mechanism for providing hearings after the seizure of personal property from Precious Metals Dealers licensed by the County, after its agents regularly seize property from same.

77.     The failure by official Suffolk policymakers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention and disposal of personal property, as made clear by numerous controlling court decisions amounts to deliberate indifference to the rights of persons and parties who own or have interests in personal property which is seized, detained, sold and/or disposed of by Suffolk.

78.     But for Suffolk's depriving policy, decisions, practices, and failures described hereinabove, the plaintiffs would not have been deprived of their property and would have recovered same without delay or with minimal delay, by measures that preserve legitimate interests.

## COUNT III
### Declaratory Relief

79.     The plaintiffs repeat and reiterate the allegations set forth within paragraphs "1" through "78" hereinabove, with the same force and effect as if fully set forth at length herein.

80.     An actual controversy has arisen and now exists between plaintiffs and Suffolk warranting declaratory relief pursuant to 28 U.S.C. §2201.

81.     Plaintiffs seek a declaration that Suffolk's conduct giving rise to the deprivations violated plaintiffs' right to Due Process under the Constitutions of the United States and New York State.

82.    Plaintiffs seek a declaration that Suffolk is liable to the plaintiffs pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for all damages and attorneys' fees suffered and incurred by the plaintiffs.

<u>**COUNT IV**</u>
**Conversion Under New York State Law**

83.    The plaintiffs repeat and reiterate the allegations set forth within paragraphs "1" through "82" hereinabove, with the same force and effect as if fully set forth at length herein.

84.    Suffolk exercised unlawful dominion and control over plaintiffs' personal property upon its failure and refusal to release same to plaintiffs pursuant to plaintiffs' demands on November 14, 2018, and excluded the plaintiffs from plaintiffs' lawful right to possess and sell same.

85.    Suffolk exercised unlawful dominion and control when it sold and/or disposed of items of personal property which it seized from the plaintiffs.

86.    Suffolk's acts of conversion as described herein caused plaintiffs actual damages as well as attorneys fees.

## PRAYERS FOR RELIEF

**WHEREFORE**, plaintiffs request that this Court:

87.     Grant judgment in favor of the plaintiffs and against the defendant County of Suffolk on all causes of action and counts asserted herein;

88.     Declare that the defendant County of Suffolk violated plaintiffs' Due Process rights under the United States Constitution and the New York State Constitution;

89.     Award the plaintiffs actual damages and nominal damages;

90.     Award the plaintiffs the costs of prosecuting this action together with attorneys fees pursuant to 42 U.S.C. 1988; and

91.     Award the plaintiffs such other, further and different relief as this Court, in the exercise of its discretion, may deem just and proper.


Dated: Merrick, New York
       January 17, 2019

                          Yours etc.,

                          Campanelli & Associates, P.C.


                          By: _____/S_____
                                Andrew J. Campanelli
                                *Attorneys for Plaintiffs*
                                1757 Merrick Avenue, Suite 204
                                Merrick, New York 11566
                                (516) 746-1600