UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
PAUL SCHULTZ, JEMPATH INC., CARINA'S FINE
JEWELRY LLC and BRICKSTONE BUYING
SERVICES, INC.,

                              Plaintiffs,

              -against-

THE COUNTY OF SUFFOLK,

                              Defendant.
------------------------------------------------------------------------ x

19-cv-00361
(JS)(SIL)

**ANSWER**

       Defendant, The County of Suffolk (the "County"), by and through its attorneys, BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C., as and for its answer to Complaint herein, alleges as follows:

### AS AND FOR AN ANSWER TO THE NATURE OF THIS ACTION

       1.     The Defendant neither admits nor denies the allegations set forth in paragraph "1" of the Complaint as no response is required.

       2.     The Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation set forth in paragraph "2" of the Complaint.

       3.     The Defendant denies the truth of each and every allegation set forth in paragraph "3" of the Complaint, except admits that precious metal dealers are licensed by the County of Suffolk, pursuant to §563-37(A) of the Suffolk County Code.

       4.     The Defendant denies the truth of each and every allegation set forth in paragraph "4" of the Complaint, refers all questions of law to this Court and requests leave to refer to Suffolk County Code Chapter 563 for its meaning, interpretation and legal effect.

       5.     The Defendant denies the truth of each and every allegation set forth in

paragraph "5" of the Complaint.

6. The Defendant denies the truth of each and every allegation set forth in paragraph "6" of the Complaint except denies knowledge and information sufficient to form a belief as to whether any member of the Suffolk County Police Department ever made an unannounced visit to any of the Plaintiffs' stores.

7. The Defendant denies the truth of each and every allegation set forth in paragraph "7" of the Complaint, and specifically avers that Plaintiffs could ever lawfully acquire ownership or title to goods determined to be stolen property.

8. The Defendant denies the truth of each and every allegation set forth in paragraph "8" of the Complaint, except admits that Plaintiffs were provided with a receipt for any property seized as stolen property, or evidence in a criminal prosecution.

9. The Defendant denies the truth of each and every allegation set forth in paragraph "9" of the Complaint.

10. The Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation set forth in paragraph "10" of the Complaint and specifically avers that the Plaintiffs could never lawfully acquire ownership or title to goods determined to be stolen property.

11. The Defendant denies the truth of each and every allegation set forth in paragraph "11" of the Complaint.

12. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "12" of the Complaint.

13. The Defendant denies the truth of each and every allegation set forth in

paragraph "13" of the Complaint.

14. With respect to the allegations set forth in paragraph "14"(a)-(c), Defendant denies that the Plaintiffs are bonafide purchasers of any property seized for them as they could never lawfully acquire ownership or title to goods to goods determined to be stolen property and further,

    (a) Denies the truth of each and every allegation set forth in paragraph "14"(a) and refers all questions of law to this Court;

    (b) Denies the truth of each and every allegation set forth in paragraph "14"(b) except denies knowledge and information sufficient to form a belief as to what statements individual members of the Suffolk County Police Department or the District Attorney's office may have made; and

    (c) Denies the truth of each and every allegation set forth in paragraph "14"(c) and refers all questions of law to this Court.

15. The Defendant denies the truth of each and every allegation set forth in paragraph "15" of the Complaint.

16. The Defendant neither admits or denies the allegations set forth in paragraph "16" of the Complaint and refers all questions of law to this Honorable Court.

17. The Defendant neither admits or denies the allegations set forth in paragraph "17" of the Complaint and refers all questions of law to this Honorable Court.

18. The Defendant neither admits or denies the allegations set forth in paragraph "18" of the Complaint and refers all questions of law to this Honorable Court.

19. The Defendant neither admits or denies the allegations set forth in paragraph

"19" of the Complaint and refers all questions of law to this Honorable Court.

20. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "20" of the Complaint.

21. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "21" of the Complaint.

22. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "22" of the Complaint.

23. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "23" of the Complaint.

24. The Defendant admits the truth of each and every allegation set forth in paragraph "24" of the Complaint.

25. The Defendant admits the truth of each and every allegation set forth in paragraph "25" of the Complaint.

26. The Defendant denies the truth of each and every allegation set forth in paragraph "26" of the Complaint, requests leave to refer to Suffolk County Code Chapter 563 for its true meaning, interpretation and effect and, refers all questions of law to this Honorable Court.

27. The Defendant denies the truth of each and every allegation set forth in paragraph "27" of the Complaint, but admits that Suffolk County Code §563-37 requires that any person engaging business as a precious metal and gem exchange establishment obtain a license from the Defendant.

28. The Defendant neither admits or denies the truth of each and every allegation set forth in paragraph "28"(a)-(b) and requests leave to refer to the Suffolk County Code upon the

trial of this cause for its true meaning, interpretation and effect.

29. The Defendant denies the truth of each and every allegation set forth in paragraph "29" of the Complaint.

30. The Defendant denies the truth of each and every allegation set forth in paragraph "30" of the Complaint, except admits that the Suffolk County Police Department provides a receipt for any item taken pursuant to a police investigation.

31. The Defendant denies the truth of each and every allegation set forth in paragraph "31" of the Complaint.

32. The Defendant denies the truth of each and every allegation set forth in paragraph "32" of the Complaint.

33. The Defendant denies the truth of each and every allegation set forth in paragraph "33" of the Complaint.

34. The Defendant denies the truth of each and every allegation set forth in paragraph "34"(I)-(iv) of the Complaint.

35. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "35" of the Complaint.

36. The Defendant denies the truth of each and every allegation set forth in paragraph "36" of the Complaint, except admits that the Suffolk County Police Department has taken possession, custody of certain property as either the stolen proceeds of crime or evidence of a crime and that upon taking possession of such property it provides a receipt.

37. The Defendant denies the truth of each and every allegation set forth in paragraph "37" of the Complaint.

38. The Defendant denies the truth of each and every allegation set forth in paragraph "38"(a)-(e) of the Complaint.

39. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "39" of the Complaint.

40. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "40" of the Complaint.

41. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "41" of the Complaint.

42. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "42"(a)-(e) of the Complaint.

43. The Defendant denies knowledge and information sufficient to form a belief as to the truth of each and every allegation set forth in paragraph "43" of the Complaint, except specifically avers that the Suffolk County Police Department provides any precious metal and gem exchange establishment with a receipt for any items seized as either stolen property or evidence of a crime.

44. The Defendant denies the truth of each and every allegation set forth in paragraph "44" of the Complaint.

45. The Defendant denies the truth of each and every allegation set forth in paragraph "45" of the Complaint, requests leave to refer to the receipt annexed as Exhibit "B" to the Plaintiffs' complaint at the time of trial as to its true meaning, interpretation and effect, and expressly avers that as licensees engaged in the business of collateral loan brokers as defined in Article 5 of the New York State General Business Law, Plaintiffs are not "finders" of any item seized by the

Suffolk County Police Department.

46. The Defendant denies the truth of each and every allegation set forth in paragraph "46" of the Complaint.

47. The Defendant denies the truth of each and every allegation set forth in paragraph "47" of the Complaint.

48. The Defendant denies the truth of each and every allegation set forth in paragraph "48" of the Complaint.

49. The Defendant denies the truth of each and every allegation set forth in paragraph "49" of the Complaint.

50. The Defendant denies the truth of each and every allegation set forth in paragraph "50" of the Complaint.

51. The Defendant denies the truth of each and every allegation set forth in paragraph "51" of the Complaint, except admits that Exhibit A is a copy of an internet website page maintained by the Suffolk County Police Department, and specifically avers that said page provides instructions for obtaining the release of property in specific circumstances not applicable to the Plaintiffs herein.

52. The Defendant denies the truth of each and every allegation set forth in paragraph "52" of the Complaint, except denies knowledge and information sufficient to form a belief as to the truth that the Plaintiffs have made efforts to demand and secure the release of seized property.

53. The Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation set forth in paragraph "53"(a)-(d) of the Complaint.

54. The Defendant denies the truth of each and every allegation set forth in paragraph "54" of the Complaint, except denies knowledge and information sufficient to form a belief as to what, if any demands Plaintiffs made for the release of property seized by either the Suffolk County Police Department and/or the Suffolk County District Attorney's Office, and specifically avers that any proper seized was either stolen property or evidence of a crime to which the Plaintiffs never acquired title or ownership to which they are not entitled to seek the return.

55. The Defendant denies the truth of each and every allegation set forth in paragraph "55" of the Complaint, except denies knowledge and information sufficient to form a belief as to what, if any demands Plaintiffs made for the release of said property, and specifically avers that as they never acquired title or ownership of stolen property, they have no right to demand its return.

56. The Defendant denies the truth of each and every allegation set forth in paragraph "56" of the Complaint, except denies knowledge and information sufficient to form a belief as to what, if any demands Plaintiffs made for the release of said property, and specifically avers that as they never acquired title or ownership of stolen property, they have no right to demand its return.

57. The Defendant denies the truth of each and every allegation set forth in paragraph "57" of the Complaint, except denies knowledge and information sufficient to form a belief as to the contents or substance of any statements made by the named members of the Suffolk County Police Department.

58. The Defendant denies the truth of each and every allegation set forth in paragraph "58" of the Complaint, except denies knowledge and information sufficient to form a

belief as to what, if any, information the Plaintiffs requested of the named members of the Suffolk County Police Department.

59. The Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation set forth in paragraph "59"(a)-(d) of the Complaint and requests leave to refer to Exhibit "D" to the Plaintiffs' complaint for its true meaning, interpretation and effect.

60. The Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegation set forth in paragraph "60" of the Complaint and requests leave to refer to Exhibit "D" to the Plaintiffs' complaint for its true meaning, interpretation and effect.

61. The Defendant denies the truth of each and every allegation set forth in paragraph "61" of the Complaint.

62. The Defendant denies the truth of each and every allegation set forth in paragraph "62" of the Complaint.

### AS AND FOR AN ANSWER TO THE CAUSES OF ACTION
### COUNT I

63. With respect to the allegations in paragraph "63, the Defendant repeats, reiterates and re-alleges each and every response made to the allegations set forth in paragraphs "1" through "62" of the Complaint with the same force and effect as if each were more fully repeated herein in its entirety.

64. The Defendant denies the truth of each and every allegation set forth in paragraph "64"(a)-(e) of the Complaint.

65. The Defendant denies the truth of each and every allegation set forth in paragraph "65"(a)-(c) of the Complaint.

66. The Defendant denies the truth of each and every allegation set forth in

paragraph "66" of the Complaint.

67. The Defendant denies the truth of each and every allegation set forth in paragraph "67" of the Complaint.

68. The Defendant denies the truth of each and every allegation set forth in paragraph "68" of the Complaint.

69. The Defendant denies the truth of each and every allegation set forth in paragraph "69" of the Complaint.

70. The Defendant denies the truth of each and every allegation set forth in paragraph "70" of the Complaint.

### AS AND FOR AN ANSWER TO THE CAUSES OF ACTION
### COUNT II

71. With respect to the allegations in paragraph "71", the Defendant repeats, reiterates and re-alleges each and every response made to the allegations set forth in paragraphs "1" through "70" of the Complaint with the same force and effect as if each were more fully repeated herein in its entirety.

72. The Defendant denies the truth of each and every allegation set forth in paragraph "72"(a)-(e) of the Complaint.

73. The Defendant denies the truth of each and every allegation set forth in paragraph "73"(a)-(c) of the Complaint.

74. The Defendant denies the truth of each and every allegation set forth in paragraph "74" of the Complaint.

75. The Defendant denies the truth of each and every allegation set forth in paragraph "75" of the Complaint.

76. The Defendant denies the truth of each and every allegation set forth in paragraph "76" of the Complaint.

77. The Defendant denies the truth of each and every allegation set forth in paragraph "77" of the Complaint.

78. The Defendant denies the truth of each and every allegation set forth in paragraph "78" of the Complaint.

**AS AND FOR AN ANSWER TO THE CAUSES OF ACTION**
**COUNT III**

79. With respect to the allegations in paragraph "79", the Defendant repeats, reiterates and re-alleges each and every response made to the allegations set forth in paragraphs "1" through "78" of the Complaint with the same force and effect as if each were more fully repeated herein in its entirety.

80. The Defendant denies the truth of each and every allegation set forth in paragraph "80" of the Complaint, and refers all questions of law to this honorable Court for determination upon the trial of this Court.

81. The Defendant denies the truth of each and every allegation set forth in paragraph "81" of the Complaint.

82. The Defendant denies the truth of each and every allegation set forth in paragraph "82" of the Complaint.

**AS AND FOR AN ANSWER TO THE CAUSES OF ACTION**
**COUNT IV**

83. With respect to the allegations in paragraph "83", the Defendant repeats, reiterates and re-alleges each and every response made to the allegations set forth in paragraphs "1"

through "82" of the Complaint with the same force and effect as if each were more fully repeated herein in its entirety.

84. The Defendant denies the truth of each and every allegation set forth in paragraph "84" of the Complaint.

85. The Defendant denies the truth of each and every allegation set forth in paragraph "85" of the Complaint.

86. The Defendant denies the truth of each and every allegation set forth in paragraph "86" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

87. Plaintiffs fail to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

88. Plaintiffs fail to state a cause of action upon which relief can be granted and they have failed to exhaust their administrative and state remedies.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

89. Because any item of property seized by the Suffolk County Police Department and/or the Suffolk County District Attorney's Office was confiscated as stolen property, Plaintiffs never acquired title or ownership in any of the property seized and accordingly, the Complaint fails to state a cause of action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

90. Plaintiffs' claims are barred in whole or part by the Statute of Limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

91. Each of Plaintiffs' claims are barred by the Younger Abstention Doctrine (41

U.S. 37).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

92. None of the actions complained of herein were taken pursuant to official policy custom or practice of the County and accordingly, the Complaint fails to state a cause of action upon which relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

93. Plaintiffs have sustained no damages, and in any event has failed to mitigate any damages allegedly sustained.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

94. Plaintiffs' claims are barred in whole or part to the extent that the County Defendant's actions were not the proximate cause of the harms alleged.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

95. Pursuant to the *Monell* Doctrine, the County cannot be held liable for the acts of its employees solely on the basis of respondeat superior in a 42 U.S. §1983 action and, consequently, the County cannot be liable for the acts or conducts of any individual employee, as a matter of law.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

96. At all relevant times, the County Defendant acted in good faith and in full accordance of the law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

97. The actions complained of were reasonable and in full accord with applicable law and constituted valid limited exercise of the defendant's police powers.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

98. The actions of the County were justified, undertaken in good faith and without malicious intent, and were at all times within the scope of their authority in accordance with all Federal, State and Local laws, rules and law regulations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

99. Pendent, supplemental and/or other jurisdiction should not be exercised over any of Plaintiffs' state law claims.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

100. Plaintiffs' claims are unsuitable for declaratory relief.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

101. Plaintiff's have failed to comply with Suffolk County Code Chapter 563 and, therefore, the complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

102. Plaintiffs' alleged violations of their constitutional rights fail to state a claim for relief as they possess neither a protected property right in any of the property to which the Defendant took custody of nor a liberty interest.

**WHEREFORE**, the County Defendant respectfully requests that Plaintiffs' Complaint be dismissed in its entirety with prejudice, and for such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       April 23, 2019

                                Yours, etc.

                                BERKMAN, HENOCH, PETERSON, PEDDY
                                & FENCHEL, P.C.

                                By:   s/ Joseph E. Macy
                                      Joseph E. Macy
                                *Special Counsel for County Defendant*
                                100 Garden City Plaza
                                Garden City, New York 11530
                                (516) 222-6200

TO:    ANDREW J. CAMPANELLI, ESQ.
           Campanelli & Associates, P.C.
           Attorneys for Plaintiffs
           1757 Merrick Avenue, Suite 204
           Merrick, New York 11566
           (516) 746-1600